Omid E. Khalifeh, SBN 267340
Ariana Santoro, SBN 300767
Louise Jillian Paris, SBN 347801
**OMNI LEGAL GROUP**
2029 Century Park E, Suite 438
Los Angeles, California 90067
Phone:      310.276.6664
Facsimile:  310.305.1550
omid@omnilg.com
ariana@omnilg.com
jillian@omnilg.com

Attorneys for Plaintiff
CONTINENTAL RECORDS

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONTINENTAL RECORDS LLC, a California Limited Liability Company;<br><br>Plaintiff,<br><br>vs.<br><br>THE ROYALTY FAMILY, INC., a California Corporation; ANDREA ESPADA, an individual; ALI SALEH, an individual;<br><br>Defendants. | Case No.: 2:23-cv-5797<br><br>**PLAINTIFFS' COMPLAINT FOR:**<br>1. **COPYRIGHT INFRINGEMENT**<br>2. **TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS**<br><br>**JURY TRIAL DEMAND** |

Plaintiff Continental Records LLC ("Continental Records"), by its undersigned attorneys, files this Complaint against Defendant The Royalty Family

Inc. ("Royalty Family"), for copyright infringement and tortious interference with contractual relations. In support thereof, Continental Records states and alleges as follows:

## INTRODUCTION

1. This case arises out of the unauthorized use and infringement of Continental Records' federally registered copyrights pursuant to 17 U.S.C. 501 and tortious interference with Plaintiff's contractual relations.

2. Plaintiff, Continental Records LLC, is a company that focuses on the management, recording, marketing, and representation of musicians. Plaintiff entered into a contract with artist Will Kano wherein Plaintiff was granted exclusive artist services in its favor, as well as royalties and publishing rights. Pursuant to this agreement, Plaintiff obtained federally registered copyrights over the lyrics to the songs "Girl" (PAu 4-184-808) and "Baby Girl" (PAu 4-184-805).

3. Defendants are a corporation and family that collaboratively produces and publishes video content on the website YouTube.com. Defendants have willfully and blatantly infringed the copyrights of Plaintiff by featuring Plaintiff's copyrighted work on their YouTube channel, without authority or license. Moreover, Defendants have featured Plaintiff's artist, Will Kano, in multiple videos on its YouTube channel in direct violation of and interference with Plaintiff's contractual agreement with said artist.

4. Plaintiff has unsuccessfully attempted to resolve Defendants' infringement and interference by reaching out directly to Defendants. Despite such, Defendants persist in their wrongful conduct. Left with no alternative, Plaintiff now seeks relief from this Court to resolve this dispute and receive compensation for the injury caused by Defendants.

## PARTIES, JURISDICTION, and VENUE

5.     Plaintiff Continental Records LLC is a corporation organized under the laws of the State of California, having its principal place of business at 301 N Hollywood Way, Unit M, Burbank, California 91505.

6.     Upon information and belief, Defendant The Royalty Family Inc. is a California corporation with its principal address listed as 1812 W Burbank Blvd. Suite 929, Burbank, California 91506.

7.     Upon information and belief, Defendant Andrea Espada is an individual residing at 4291 Mount Royal Dr., Los Angeles CA 90041.

8.     Upon information and belief, Defendant Ali Saleh is an individual residing at 4291 Mount Royal Dr., Los Angeles CA 90041.

9.     This is an action arising under the Copyright Act, 17 U.S.C. § 501.

10.    This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338 because it involves federal questions arising under the Copyright Act, as amended 17 U.S.C. §§ 101 et seq.

11.    This Court also has pendent jurisdiction over all remaining claims in accordance with 28 U.S.C. § 1367.

12.    Venue is proper pursuant to 28 U.S.C. § 1391.

13.    This Court has personal jurisdiction as Defendants do business in the State of California and specifically direct their activities towards the residents of the State of California, including in this District, and reside in this District.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

14. Plaintiff, Continental Records LLC, is an organization that specializes in the management, recording, marketing, and representation of musical artists. Continental Records provides artists with professional support, resources, industry contacts, and global distribution to help artists reach a wider audience and achieve their career aspirations.

15. On May 1, 2018, Continental Records and musical artist Will Steven Cano Herrera (aka: "Will Kano") entered into an agreement (referred to as the "Agreement"). *See* **EXHIBIT A**. Under this Agreement, Will Kano agreed to provide exclusive services to Continental Records as a performing and recording artist, as well as a producer of Master Recordings and an author, composer, performer, arranger, and adaptor of musical compositions and Master Recordings. For a period of ten (10) years, and an additional three (3) years after the term, Will Kano committed not to perform any material for any person other than Continental Records.

16. Additionally, under the terms of the Agreement, Will Kano agreed to the following:

> (a) Artist will not engage in any performance (including non-musical dramatic performances) for any person other than the Company in connection with the creation and/or exploitation of Videos.
>
> (b) Artist will not license or permit the use of the Artist's Name and Likeness by anyone other than the Company.
>
> (c) Artist will not provide any performance or service for any person other than the Company as a performing and recording artist, a producer of master recordings, or an author, composer, performer, arranger, and adaptor of musical compositions and master recordings.

17. Moreover, as per the terms of the Agreement, Will Kano granted publishing rights in favor of Continental Records. To formalize this arrangement, a

Co-Publishing Agreement was entered into by Continental Records and Will Kano on May 01, 2018, and was incorporated as Exhibit B to the main Agreement. *See* **EXHIBIT B**. Under the Co-Publishing Agreement, Will Kano irrevocably and absolutely assigned, conveyed, and transferred to Continental Records, an undivided fifty percent (50%) interest in the worldwide copyright and all other rights in and to each musical composition which is written or composed, in whole or in part, directly or directly by him.

18. On or around May 2020, Will Kano wrote and composed the lyrics to a song entitled "Girl". Similarly, on or around September 2020, Will Kano wrote and composed the lyrics for a song entitled "Baby Girl".

19. In accordance with the Agreement and Co-Publishing Agreement, the lyrics for the songs "Girl" and "Baby Girl" were registered for copyright with the United States Copyright Office. Copyright registrations were issued for "Girl" (PAu 4-184-808) and "Baby Girl" (PAu 4-184-805), listing Will Kano and Continental Records as the Copyright Claimants. *See* **EXHIBIT C**. (collectively referred to hereinafter as the "Copyrights" or "Copyrighted Lyrics")

20. On January 25, 2020, Will Kano made his first appearance on Defendant The Royalty Family's YouTube channel. *See* https://www.youtube.com/watch?v=WewPrKDkYdE, **EXHIBIT D**. The video includes unauthorized theatrical/video performances of Will Kano throughout the entire duration. Additionally, it features an unauthorized music performance of Will Kano singing and playing guitar (timestamp of 11:00 to 15:15).

21. On February 27, 2020, The Royalty Family published the following video: https://www.youtube.com/watch?v=iGVKTnkYiR0 which contains unauthorized use of Will Kano's image on the video thumbnail as well as unauthorized theatrical/video performance of Will Kano across the entire video. *See* **EXHIBIT E.**

22. On April 30, 2020, The Royalty Family published the following video: https://www.youtube.com/watch?v=zzSlq7VdmPI which features a performance of Will Kano singing the song "Girl" (time stamp(s):  00:02 to  00:13 – 15:13 to 16:12), the lyrics of which are covered by Copyright Registration No.  PAu 4-184-808. *See* **EXHIBIT F**.

23. On or around May 14, 2022, Plaintiff corresponded with Defendants, informing them about the existence of the Agreement with Will Kano and Continental Records' rights pertaining to the songs written and produced by Will Kano. In response, Defendant represented that they would "go in a different direction and work with a different writer and producer." *See* **EXHIBIT G**.

24. However, despite being aware of the limitations of Will Kano and the existence of the Agreement, Defendant continued to feature Will Kano on their YouTube channel. On May 19, 2020, The Royalty Family published the following video:   https://www.youtube.com/watch?v=pKXvRTromZQ   which contains unauthorized use of Will Kano's image on the video thumbnail as well as unauthorized theatrical/video performance of Will Kano across the entire video. *See* **EXHIBIT H**.

25. On June 02, 2020, The Royalty Family published the following video: https://www.youtube.com/watch?v=X65Ww0hMgpo which contains unauthorized use of Will Kano's image on the video thumbnail as well as unauthorized theatrical/video performance of Will Kano across the entire video. *See* **EXHIBIT I**.

26. On September 17, 2020, The Royalty Family published the following video:   https://www.youtube.com/watch?v=_OBqNRT4VIU   which features a performance of the song "Baby Girl", the lyrics of which are covered by Copyright Registration No.  PAu 4-184-805. *See* **EXHIBIT J**.

27. On September 20, 2020, The Royalty Family published the following video:   https://www.youtube.com/watch?v=ez2PvU6T5pw   which features a music

video for the song "Baby Girl", the lyrics of which are covered by Copyright Registration No. PAu 4-184-805. *See* **EXHIBIT K**.

28. On October 6, 2020, The Royalty Family published the following video: https://www.youtube.com/watch?v=qGJ4PopV88M which contains unauthorized use of Will Kano's image on the video thumbnail as well as unauthorized theatrical/video performance of Will Kano across the entire video. *See* **EXHIBIT L**.

29. On November 03, 2020, The Royalty Family published the following video: https://www.youtube.com/watch?v=ij29uEnJGY8 which contains unauthorized use of Will Kano's image on the video thumbnail. *See* **EXHIBIT M**.

30. On or around December 2022, Plaintiff filed Digital Millennium Copyright Act (DMCA) notifications against Defendants' unauthorized videos on YouTube.com. On January 06, 2023, Defendants' filed a counter-notification alleging that "[T]he royalty family owns all right title and interest in the song and can provide the legal documentation supporting the ownership", under the penalty of perjury. *See* **EXHIBIT N**. As a result, Defendants' infringing YouTube videos were reinstated on Defendants' channel. Contrary to Defendants' statement, Defendants do not hold rights, title, or interest in the copyrighted lyrics to the songs "Girl" and "Baby Girl" featured on their channel.

## FIRST CLAIM FOR RELIEF

**Copyright Infringement,**

**under 17 U.S.C. § 101** *et seq.*

31. Plaintiff realleges and incorporates by reference the allegations of Paragraphs 1-30 inclusive, as though fully set forth.

32. Plaintiff is the owner of the Copyrights over the lyrics to the songs "Baby Girl" and "Girl", including the certificates of registration corresponding to each.

33. Plaintiff is currently and at all relevant times has been the proprietor of the rights, title, and interest in and to the copyrights of the work.

34. Defendants violated Plaintiff's exclusive rights in the copyrights by showcasing the songs Baby Girl and Girl on their YouTube channel, featuring the lyrics covered by the respective copyrights.

35. The performance of the song "Baby Girl", the lyrics of which are covered by Copyright Registration No. PAu 4-184-805, has 90 million views as of July 2023. (Ferran – Baby Girl Official Music Video https://www.youtube.com/watch?v=ez2PvU6T5pw)

36. The performance of the song "Girl", the lyrics of which are covered by Copyright Registration No. PAu 4-184-808, has 6.9 million views as of July 2023. (Our 9 Year Old Son Has a SECRET CRUSH! https://www.youtube.com/watch?v=zzSlq7VdmPI)

37. Defendants' improper use of Plaintiff's copyrighted lyrics was done without Plaintiff's permission and does not constitute fair use of Plaintiff's Copyrights. At no time has Plaintiff authorized Defendants to reproduce, distribute, prepare derivative works, or publicly display the work or any portion thereof.

38. Defendants' above-described acts constitute copyright infringement in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

39. Defendants are willfully infringing Plaintiff's copyright by reproducing, displaying, distributing, and creating derivative works of the work without permission in violation of the Copyright Act, 17 U.S.C. § 106. The infringement was willful, executed with full knowledge of Plaintiff's copyright, and in conscious disregard of Plaintiff's rights.

40. By reason of the infringement, Plaintiff has sustained and will continue to sustain substantial injury, loss, and damage to its ownership rights in the copyrights.

41. Because Plaintiff is without an adequate remedy at law, Plaintiff is entitled to an injunction, in accordance with 17 U.S.C. § 502, restraining Defendants, its officers, directors, agents, employees, representatives, assigns, and all persons acting in concert with Defendants from engaging in further acts of copyright infringement.

42. Plaintiff is further entitled to recover from Defendants the gains, profits, and advantages Defendants have obtained as a result of copyright infringement.

43. Plaintiff is entitled to recover statutory damages in accordance with 17 U.S.C. § 504.

44. Plaintiff is also entitled to recover costs and attorneys' fees in accordance with 17 U.S.C. § 505.

45. Plaintiff is informed and believes, and on that basis alleges, that unless enjoined by this Court, Defendants will continue its course of conduct and will continue to wrongfully use, infringe upon, sell, and otherwise profit from Plaintiff's copyrighted work.

## SECOND CLAIM FOR RELIEF

### Intentional Interference with Contractual Relations

### [California Common Law]

46. Plaintiff realleges and incorporates by reference the allegations of Paragraphs 1-45 inclusive, as though fully set forth.

47. Upon information and belief, Defendant has wrongfully interfered with the contractual relations between Plaintiff and its artist Will Kano. As described above, Plaintiff and Will Kano entered into a valid and enforceable contract. At all material times, Defendant was aware of this contract.

48. Upon information and belief, Defendant committed intentional and wrongful acts to disrupt and ignore the contractual relations between Plaintiff and Will Kano.

49. As a proximate result of Defendant's interference, Plaintiff has suffered and will suffer irreparable harm and monetary damages by, among things, (i) losing revenue and profits from its contractual relationship with Will Kano (ii) damage to its reputation and goodwill, and (iv) damage to its relationship with its artists and individuals within the industry.

50. Defendant has acted willfully, in bad faith, with malice, or with the intent to oppress Plaintiff. Defendant, unless restrained, will continue to interfere with Plaintiff's contractual relationship with Will Kano. This interference will cause Plaintiff great and irreparable injury, for which damages would not afford adequate relief.

51. Plaintiff is entitled to injunctive relief, monetary damages to compensate for the lost benefits of its reasonable business expectancies, consequential damages caused by Defendant's intentional interference, compensatory damages, and punitive damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays for judgment against Defendants as follows:

A. Entry of a judgment that Defendants have infringed the Copyrights;

B. Entry of a judgment that Defendants willfully and deliberately infringed Plaintiff's Copyrights;

C. Entry of a judgment that Defendants have intentionally, willfully, and deliberately interfered with Plaintiff's contractual relations;

D. An order preliminarily and permanently restraining and enjoining Defendants, its officers, agents, attorneys, and employees, and those acting in privity

or concert with Defendants, from reproducing, distributing, creating derivative works, displaying, advertising, promoting, offering for sale and/or selling, or performing any materials that are substantially similar to the Copyrights, and to destroy and certify to the Court such destruction or deliver to the Court for destruction or other reasonable disposition all such materials and means for producing the same in Defendants' possession or control;

E. An order preliminarily and permanently restraining Defendants and its agents, servants, employees, attorneys, and all persons acting in concert and participation with it from infringing upon Plaintiff's Copyrights;

F. An order of an independent accounting of all of Defendants' financial records relating to their infringing activities in order to determine the sums of money owed to Plaintiff;

G. An order requiring Defendants to pay to Plaintiff all damages or other monetary relief, including but not limited to all gains, profits, and advantages derived by Defendant as a result of Defendant's infringement of the Copyrights, in an amount to be determined at trial;

H. An order requiring Defendants to pay to Plaintiff statutory damages of $150,000 per infringement pursuant to 17 U.S.C. § 504, at Plaintiff's election;

I. An order requiring Defendants to pay Plaintiff treble damages and/or exemplary damages because of Defendants' willful conduct pursuant to 35 U.S.C. 6 284;

J. An award of costs and reasonable attorneys' fees relating to this action pursuant to 17 U.S.C. § 505 and 35 U.S.C. § 285;

K. Pre-judgment and post-judgment interest and costs in bringing this action against Defendants; and

L. Such other and further relief as the Court may deem just and proper.

**DEMAND FOR A JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a jury trial of all issues that may be tried to a jury in this action.

RESPECTFULLY SUBMITTED this 18th day of July, 2023.

            **OMNI LEGAL GROUP**

            /s/ Omid E. Khalifeh
            Omid E. Khalifeh
            Ariana Santoro
            Louise Jillian Paris
            Attorneys for Plaintiff,
            Continental Records LLC