1  Omid E. Khalifeh, SBN 267340
2  Ariana Santoro, SBN 300767
   Louise Jillian Paris, SBN 347801
3  **OMNI LEGAL GROUP**
   2029 Century Park E, Suite 438
4  Los Angeles, California 90067
5  Phone: 310.276.6664
   Facsimile: 310.305.1550
6  omid@omnilg.com
   ariana@omnilg.com
7  jillian@omnilg.com
8
   Attorneys for Plaintiff
9  CONTINENTAL RECORDS LLC

10

**UNITED STATES DISTRICT COURT**
11
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**
12

| | |
|---|---|
| 13  CONTINENTAL RECORDS LLC, a California Limited Liability Company; | Case No.: 2:23-cv-05797 PA-BFM |
| 14 | **PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW** |
| 15         Plaintiff, | |
| 16     vs. | Case filed: July 18, 2023 |
| 17  THE ROYALTY FAMILY, INC., a California Corporation; ANDREA ESPADA, an individual; ALI SALEH, an individual; | FPTC: July 19, 2024 |
| 18 | Trial date: August 13, 2024 |
|    | Judge: Hon. Percy Anderson |
| 19         Defendants. | |
| 20 | |

21
22
23
24
25
26
27
28

1
**PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

1    Plaintiff plans to pursue the following claims against each defendant: (a) copyright infringement, and (b) tortious interference with contractual relations between plaintiff and Will Kano.

The elements required to establish plaintiff's claim of copyright infringement are:

(1) That plaintiff owns a valid copyright to the lyrics of the songs "Girl" and "Baby Girl," and

(2) that defendants violated plaintiff's exclusive rights to use the lyrics of both songs. Defendant.

In this action, defendant The Royalty Family, Inc. is the "direct" infringer, while individual defendants Andrea Espada and Ali Saleh are both vicarious and contributory infringers. Espada and Saleh each financially benefitted from the infringement, and had the right to control it, and they each intentionally encouraged the direct infringement by The Royalty Family, Inc. Plaintiff is entitled to recover its actual damages according to proof, and any profits of defendants from infringement.

**Authority**: 17 U.S.C. §102(a)(1), (7); §106(4), (6); §501(a), (b); §504(a)(1); see also, A & M Records, Inc. v. Napster, Inc., 239 F.3d 1004, 1013 (9th Cir. 2001) ("A defendant is vicariously liable for copyright infringement if he enjoys a direct financial benefit from *another's* infringing activity and 'has the right and ability to supervise' the infringing activity."); Perfect 10, Inc. v. Amazon.com, Inc., 508 F.3d 1146, 1170 (9th Cir. 2007)(" ("We have adopted the well-settled rule that '[o]ne infringes contributorily by intentionally inducing or encouraging direct infringement.")

**Evidence**: Plaintiff will prove that it owns the copyright registrations for the lyrics of the songs Girl and Baby Girl, and that each of these songs was performed on The Royalty Family, Inc. Youtube channel. Performances occurred both before and after defendants were advised by plaintiff of plaintiff's rights, which included copyright rights to the song lyrics, and an exclusive right to benefit from performances by Will Kano, and musical works composed and/or written by Will Kano. The individual defendants will testify that they are officers of The

2

**PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

Royalty Family, Inc., and that "the entire family" is involved in the production and publication of each of the videos posted on the Youtube channel. Plaintiff will prove substantial revenues due to the infringing activity through the testimony of Moshe Machiach CPA, backed up by Youtube data regarding the number of "views" each infringing video has received.

The elements required to establish plaintiff's claim of tortious interference with the contracts between plaintiff and Will Kano are:

(1) the existence of a valid and enforceable contract between Continental and Will Kano;

(2) defendants' knowledge of the contract;

(3) defendants' intentional acts designed to induce a breach or disruption of the contractual relationship;

(4) actual breach or disruption of the contractual relationship,

(5) resulting damage.

**Authority:** CACI No. 2201: <u>Pacific Gas & Electric Co. v. Bear Stearns & Co.</u> (1990) 50 Cal.3d 1118, 1126 (1990); 5 Witkin, Summary of California Law (11th ed. 2017) Torts, §§ 854, 855, 875.

**Evidence**: Plaintiff will prove the making of an Agreement between plaintiff and Will Kano on May 1, 2018. Among other things, the Agreement provides exclusivity to plaintiff for Mr. Kano's performances for 10 years, and gives plaintiff ownership of the copyrights of any copyrightable musical compositions, both music and lyrics, by Mr. Kano. Defendants admittedly knew of the contract not later than May 14, 2020, when plaintiff's owner, Mr. Ivan Leon, informed defendants of the contract by email correspondence. Notwithstanding this knowledge, defendants continued to induce Mr. Kano to perform in The Royalty Family videos, continued to solicit his creation of musical compositions for use in the videos, and continued to use Mr. Kano's image in connection with their videos. These activities by Mr.

3

**PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

Kano are breaches of his contract with plaintiff. According to defendants, they paid Mr. Kano $20 per hour for work in breach of his contract with plaintiff. The claimed justification for this was that Mr. Kano had advised defendants that he had "worked things out" with Continental. What defendants admittedly did not do was "work things out" with Continental directly. Plaintiff's loss of exclusivity for Mr. Kano's performances between April and September 2020 has caused damage to plaintiff, which Continental is currently calculating, and will be presented at trial.

DATED: July 5, 2024                                OMNI LEGAL GROUP

                                                   /s/ Omid E. Khalifeh
                                                   Omid E. Khalifeh
                                                   Attorneys for Plaintiff